

# THE ATTORNEY GENERAL
# OF TEXAS

## AUSTIN, TEXAS

ICE DANIEL
>RNEY GENERAL

July 28, 1949

Hon. A. C. Winborn
District Attorney
Houston 2, Texas

Opinion No. V-865.

Re: The applicability of the
"Secret Ballot Bill" to
municipal, independent
school district, local
option, road bond, and
other elections, and re-
lated questions.

Attention: W. K. Richardson

Dear Sir:

Reference is made to your request of recent
date wherein you propound a number of questions concern-
ing the applicability of the Secret Ballot Bill to var-
ious elections.

Your first question is as follows:

"Do the provisions of H. B. 357, present
Legislature, apply to any and all elections
in Harris County?"

Article 2923, V.C.S., the first statute in
Title 50 on elections, provides:

"The provisions of this Title shall apply
to all elections held in this State except as
otherwise provided herein."

Article 2978, V.C.S., provides in part:

"In all elections by the people, the vote
shall be by official ballot, which shall be
numbered, and elections so guarded and con-
ducted as to detect fraud and preserve the
purity of the ballot. No ballot shall be used
in voting at any general, primary or special
election held to elect public officers, select
candidates for office or determine questions
submitted to a vote of the people, except the

Hon. A. C. Winborn, page 2 (V-865)

official ballot, unless otherwise authorized
by law.  At the top of the official ballot
shall be printed in large letters the words
'Official Ballot.'"

Article 2980, V.C.S., which prescribes the
form of the official ballot, was amended by H. B. 357,
Acts of the 51st Legislature, and said Article now pro-
vides:

"All ballots shall be printed with black
ink on clear white paper of uniform style and
of sufficient thickness to prevent the marks
thereon from being seen through the paper.
The tickets of each political party shall be
placed or printed on one(1) ballot, arranged
side by side in columns separated by a paral-
lel rule.  The space which shall contain the
title of the office and the name of the can-
didate shall be of uniform style and type on
said tickets.  At the head of each ticket
shall be printed the name of the party.

"Upon each official ballot there shall be
in the top right-hand corner a detachable stub
formed by a perforated line which shall start
two (2) inches below the top right-hand corner
of the ballot and shall extend two (2) inches
to the left and thence to the top edge of the
ballot.  Upon the stub thus formed there shall
be no printing or writing except the number of
such ballot and the date and designation of
the election, and the words, 'NOTE:  VOTER'S
SIGNATURE TO BE AFFIXED ON THE REVERSE SIDE.'
All ballots prepared for an election shall be
numbered consecutively beginning with No. 1,
and the identical number that appears on the
stub shall also appear in the top left-hand
corner of the ballot.  Those identical numbers
in the top left-hand corner and on the stub in
the top right-hand corner shall be printed or
stamped in consecutive order, on all the bal-
lots prepared for any election, with a sepa-
rate number for each ballot, at the time of
printing and before they are divided up and
delivered to the election judges.

"When a party has not nominated a full ticket, the titles of those nominated shall be in position opposite the same office in a full ticket, and the titles of the offices shall be printed in the corresponding positions in spaces where no nominations have been made. In the blank columns and independent columns, the titles of the offices shall be printed in all blank spaces to correspond with a full ticket. When presidential electors are to be voted upon, their names shall not appear on the official ballot, but the names of the candidates for President and Vice-President, respectively, of the political parties, as defined in the law, shall appear at the head of their respective tickets, and the votes for presidential electors of the various parties shall be canvassed, counted, and returns made in accordance with Articles 3079A and 3079B, of the Revised Civil Statutes of Texas, 1925. When Constitutional Amendments or other propositions are to be voted on, the same shall appear once on each ballot in uniform style and type."

Article 3109, as amended by House Bill 357, prescribes the same form of ballot for primary elections as that prescribed in Article 2980. Consequently, it is not necessary to copy the provisions of said Article.

We next call your attention to Sections 5, 7, and 7a of House Bill 357, which read as follows:

"Sec. 5. That Article 3122, Title 50, Chapter 13, of the Revised Civil Statutes of the State of Texas, 1925, be, and the same is hereby amended so as to read as follows:

"'Article 3122. Precaution Against Fraud.

"'The same precautions required by law to secure the purity of a ballot box in general elections, in regard to the ballot boxes, locking the ballot boxes, sealing the same, watchful care of them, the secrecy in preparing the ballot in the booth or place prepared for voting and the procedure involving the removal of the detachable stub and the depositing of the

ballot and the stub in the proper boxes shall
be observed in all primary elections.'"

"Sec. 7. The provisions of this Act
shall not apply to elections in which voting
machines are used as provided for elsewhere
in this title."

"Sec. 7-A. The provisions of Articles
2980, 3008, and 3012, Revised Civil Statutes
of Texas, 1925, as amended by this Act, rela-
tive to the form numbering and secrecy of the
ballot, as well as the procedure involving
the selection of the ballot and the removal of
the detachable stub, shall apply to all pri-
mary elections as well as those held under or
by authority of Chapter 467, Acts, Second
Called Session, Forty-fourth Legislature, as
amended, except as provided in Section 7 here-
of."

A careful analysis of the above statutes shows
that H.B. 357 is applicable to general, primary and lo-
cal option elections (Chapter 467, Acts Second Called
Session, 44th Legislature) with the exception of elec-
tions where voting machines are used. Also, the perti-
nent provisions are applicable to elections where con-
stitutional amendments are voted on, for Article 2980
provides that "the same shall appear once on each bal-
lot in uniform style and type." In order for this of-
fice to determine whether the "Secret Ballot Bill" is
applicable to elections other than those just enumerated,
it will be necessary for us to be advised as to the na-
ture of the election.

In keeping with the above statement we now
quote your second and third questions as follows:

"Is it the duty of the County Clerk to
furnish stub boxes and ballot boxes, or either
of same, for municipal elections (primary and
general) and independent school district elec-
tions?

"Is it the intention of this Act that
Harris County purchase, own, and prepare the
stub boxes to be used or is it intended that
the municipalities and independent school dis-
tricts purchase and own their own stub boxes,

Hon. A. C. Winborn, page 5 (V-865)

and at each election that the County Clerk check and prepare these boxes for delivery to the District Clerk?"

We will first consider the portion of your questions relative to municipal elections. This discussion will not include the numerous special elections that may be held within a city or town, for you have not inquired about the same. Article 2931, V.C.S., Title 50, reads in part as follows:

"All provisions of this Title which prescribe qualifications of voting and which regulate the holding of elections shall apply to elections in cities and towns."

Article 2997, V.C.S., reads as follows:

"The expense of all city elections shall be paid by the city in which same are held. In all elections in incorporated cities, towns and villages, the mayor, the city clerk or the governing body shall do and perform each act in other elections required to be done and performed respectively by the county judge, the county clerk or the commissioners' court."

A review of the various election statutes applicable to cities incorporated under the general law reveals that said elections "shall be held and governed by the general laws of this State except as otherwise herein provided." Also, in Article 1165, V.C.S., which is applicable to home rule cities, we find the following language:

". . .No charter or any ordinances passed under said charter shall contain any provision inconsistent with the Constitution or general laws of this State."

After a careful analysis of the above statutes and the other statutes quoted in this opinion, we are of the opinion that the pertinent provisions of the Secret Ballot Law are applicable to all general and primary elections held in cities and towns except where voting machines are used. Also, it is our opinion that the expense of all city elections shall be paid for by the city in keeping with the provisions of Article 2997.

Hon. A. C. Winborn, page 6 (V-865)

Consequently, it is the duty of the city to purchase all stub boxes and ballot boxes and pay all expenses in connection with or incident to the holding of city elections. Further, it is our opinion that the mayor, the city clerk and the governing body of the city shall do and perform each act in the city elections that is required to be done by the county judge, county clerk and commissioners' court in general elections. Therefore, there is no duty imposed upon the county clerk in connection with city elections. All of the functions that the county clerk would perform in a general election should be performed by the city clerk in a city election, and the stub box should be delivered to the district clerk by the city clerk in order that the district clerk may prepare the proper lists and seal said stub box as provided in Section 3 of House Bill 357. Austin v. City of Alice, 193 S.W.2d 290 (Tex. Civ. App. 1946, error ref. N.R.E.)

We next consider portions of your questions 2 and 3 as to whether H.B. 357 imposes a duty upon the county to furnish and prepare the ballot boxes and stub boxes for elections held in independent school districts and whether the county clerk is required to perform any duties in connection with said elections. We assume from your questions and brief that you are only concerned with the election of school trustees in independent school districts and the expense in connection therewith. Since the school elections inquired about are general in nature, there is no question but that the appropriate provisions of the Secret Ballot Act are applicable to the same.

Article 2746a, V.C.S., which is applicable to the election of school trustees in common school districts and independent school districts having fewer than 500 scholastics reads in part as follows:

"Any person desiring to have his name placed on said official ballot, as a candidate for the office of trustee of a common school district or of an independent school district as herein provided shall, at least ten days before said election, file a written request with the county judge of the county in which said district is located, requesting that his name be placed on the official ballot, and no candidate shall have his name printed on said

ballot unless he has complied with the provisions of this Act; provided that five or more resident qualified voters in the district may request that certain names be printed. The county judge, upon receipt of such written request, and at least five days before the election, shall have the ballots printed as provided in this Act, placing on the ballot the name of each candidate who has complied with the terms of this Act, and deliver a sufficient number of printed ballots and amount of supplies necessary for such election to the presiding officer of the election at least one day before said election is to be held, said election supplies, ballots, boxes, and tally sheets to be delivered by the county judge by mail or in any other manner by him deemed best, to the presiding officer of said election in sealed envelopes which shall not be opened by the election officer until the day of the election. The expenses of printing the ballots and delivering same to the presiding officer, together with the other expenses incidental to said election shall be paid out of the available maintenance funds belonging to the school district in which said election is held, or to be held. The officers of said election shall be required to use the ballots so furnished by the county judge as provided herein. The election officers shall make returns of said election to the county judge and certify the result in the same manner as is now required by law, and said ballot boxes which shall have been furnished by local school officials shall be sent to the county judge and said election returns shall be canvassed by the commissioners' court and together with ballot boxes shall be safely preserved for a period of three months next after the date of the election."

Article 2776, V.C.S. (enacted in 1915) which is applicable to the election of school trustees in independent school districts having 500 or more scholastics reads:

"All elections shall be ordered by the board of trustees of each independent school district; and such order shall be made at

Hon. A. C. Winborn, page 8 (V-865)

> least ten days before the date of election;
> and a notice of the order shall be posted at
> three different places in the district. The
> board of school trustees, at the time of or-
> dering such election shall appoint three per-
> sons to hold the election, and shall designate
> the places where the polls shall be open . . .
> All such elections shall be held, and returns
> thereof made to the board of school trustees
> in accordance with the general election laws.
> The board of school trustees shall canvass
> such returns, declare the result of such elec-
> tion, and issue certificates of election to
> the persons shown by such returns to be elect-
> ed."

Section 3 of S.B. 157, Acts 44th Leg., R.S. 1935, ch. 55, p. 135, being the same Act which amended Article 2746a, V.C.S., which now appears as Article 2746b in Vernon's Civil Statutes, is all inclusive as to election expenses in all common and independent school districts. Said Article reads as follows:

> "All expenses incurred in connection with
> or incidental to any school district election
> in connection with the public school within
> such school district shall be paid out of the
> available maintenance fund belonging to such
> district for the fiscal year during which such
> election is held, or out of funds accruing to
> said district for the next ensuing fiscal year;
> provided, however, that the payment of any such
> expenses out of the funds accrued or to accrue
> to such school district for the next fiscal
> year after the year in which such election is
> held shall be authorized by the county superin-
> tendent prior to the holding of such election."

The present statutes require that all expenses incurred in connection with or incident to any school district election shall be paid out of the available maintenance fund belonging to such district. Therefore, it is our opinion that the cost of ballot boxes, stub boxes, election supplies, and all other expenses inci- dent to a school trustee election shall be paid by the school district rather than the county.

Hon. A. C. Winborn, page 9 (V-865)

From reading the statutes on school elections and all the provisions of H.B. 357, we do not believe that it was the intention of the Legislature that the county clerk should prepare the ballot boxes or the stub boxes for trustee elections to be held in school districts. In this connection we call your attention to the provisions of Art. 2746a, applicable to common school districts and independent school districts having less than 500 scholastics, which provides that the county judge shall have a sufficient number of printed ballots, necessary supplies, ballot boxes and tally sheets delivered to the presiding officer of said election at least one day before the election. Also we call your attention to the language in Art. 3012, as amended by H.B. 357, which reads:

" . . . This box shall be delivered to the election judge at the same time the regular boxes are distributed and the election judge shall return this said box to the district clerk at the time he delivers the regular ballot boxes to the designated place. . . ."

In view of the fact that the county judge is to prepare and deliver the regular ballot boxes, supplies, etc., to the presiding judges of the elections held pursuant to Art. 2746a, we feel that it is also the duty of the county judge to deliver the stub box to the district clerk for proper preparation and sealing. After the stub box is prepared and sealed by the district clerk, the clerk should return the same to the county judge in order that the judge may deliver said box to the election judge at the same time the ballot boxes and supplies are delivered.

When a trustee election is held in an independent school district containing 500 or more scholastics, the same is held in accordance with the provisions of Art. 2776. Since said statute does not impose any duty upon the county judge in that type of election, but, on the contrary, the school board is charged with the duty of ordering the election, appointing the persons to hold the election, canvass the returns of the election, etc., it is the duty of the board of trustees of said independent district to prepare and deliver the stub boxes

to the district clerk for his sealing, etc., and that the district clerk should return said boxes to the board of trustees in order that the board may deliver the stub boxes to the presiding judge at the same time the ballot boxes and other supplies are delivered.

Your next question is as follows:

"How does Section 6 pertaining to absentee voting conform to this Act in providing secrecy in voting?"

Section 6, H.B. 357, reads as follows:

"The appropriate provisions of this Act shall also apply to absentee voting, in which case the person casting an absentee ballot shall not remove the detachable stub from the ballot. After the ballot has been prepared by the elector, the elector shall affix his signature on the reverse side of the perforated stub and then shall cast the ballot as now provided by law.

"Should the elector be unable to sign his name, he shall place the ballot face down so as not to expose the number of same and shall sign on the back of the perforated stub an 'X'. The attesting officer shall then write the elector's name on the back of the stub.

"The absentee ballot shall then be delivered to the election judge in the proper precinct as is now provided for in this title.

"Before the election judge deposits an absentee ballot as elsewhere provided for in this title, he shall detach from said ballot the perforated stub and place it in the stub box. If the name of the elector does not appear on the reverse side of said perforated stub the election judge shall write the name of the elector on the back of said stub before depositing same in the stub box."

A careful study of Section 6 and the former statutes relative to absentee voting shows that it is humanly impossible for the same procedure to be followed in absentee voting that is followed where the voter casts his vote in person. The mere fact that the absentee voter's ballot and stub are placed in the respective boxes by the presiding judge of the election would not render the section on absentee voting inconsistent with the other provisions of the Act, because the first sentence in Sec. 6. provides that "the appropriate provisions of this act shall also apply to absentee voting."

You ask in your last question whether the provisions of H.B. 357 (Secret Ballot Bill) are applicable to road bond elections held in counties and road districts. Article 752g, V.C.S., which was enacted in 1926, provides as follows:

"The manner of holding such election (road bond elections) and canvassing and making returns thereof shall be governed by the general laws of this State when not in conflict with the provisions of this Act." (Parenthetical insertion added.)

In view of this statute, we believe that the "Secret Ballot Bill" is applicable to such elections, and should be followed. We are not unmindful of the holding of the Court of Civil Appeals in 1923 in the case of Hewitt v. Mays, 253 S.W. 610, error dismissed, to the effect that road bond elections are special elections and are not governed by the provisions of the general election laws. At the time of this decision there was a statute similar to Article 752g. However, the statute was not discussed or mentioned in the opinion of the court. Moreover, in more recent decisions dealing with school elections, the courts have held that statutory enactments similar to Article 752g make the provisions of the general election laws applicable to such elections. See Lewis v. Crump, 34 S.W.2d 616 (Tex. Civ. App. 1930); Shaw v. Taylor, 146 S.W.2d 452 (Tex. Civ. App. 1940). In view of the foregoing decisions we cannot say that it is mandatory that you follow the general law (pertinent provisions of H.B. 357) in road bond elections; but we believe that this would be the safer procedure.

**614**

Hon. A. C. Winborn, page 12 (V-865)

## SUMMARY

The provisions of the Secret Ballot Law, H.B. 357, Acts 51st Leg., 1949, are applicable to general, primary and local option elections except where voting machines are used. The pertinent provisions of said Act are also applicable to elections submitting Constitutional Amendments.

The pertinent provisions of the Secret Ballot law are applicable to all general and primary elections held in cities and towns except where voting machines are used. All supplies, ballot boxes, stub boxes, used in a city election should be paid for by the city as provided in Article 2997, V.C.S., and the city clerk is required to perform each act in a city election that is required to be done by the county clerk in general elections held in the county.

The appropriate provisions of H.B. 357 are applicable to elections held in independent school districts for the purpose of electing school trustees, and all expenses in connection with or incident to said elections should be paid out of the maintenance fund of said school districts. In independent school districts having fewer than 500 scholastics, it is the duty of the county judge to prepare all ballots, tally lists, ballot boxes, stub boxes and all other necessary supplies and deliver them to the proper parties. In independent school districts having 500 or more scholastics, it is the duty of the school board to perform these functions.

It is advisable to follow the pertinent provisions of H.B. 357 in road bond elections held in counties and road districts.

Hon. A. C. Winborn, page 13 (V-865)

615

Section 6 of H.B. 357, concerning absentee voting, is not inconsistent with the other provisions of the Act.

Yours very truly,

ATTORNEY GENERAL OF TEXAS

By *J. C. Davis, Jr.*

J. C. Davis, Jr.
Assistant

JCD:b:bh

APPROVED

*Price Daniel*

ATTORNEY GENERAL